**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROMMEL DEL RIO,**

    **Plaintiff,**

vs.                                                           **Case No. 6:05-cv-1429-Orl-19JGG**

**SCOTTSDALE INSURANCE COMPANY,**

    **Defendant.**
_____

**ORDER**

This case comes before the Court on the Motion for Remand and Supporting Memorandum of Law filed by Plaintiff Rommel Del Rio on October 28, 2005, (Doc. No. 14), and the Response to the Plaintiff's Motion for Remand and Supporting Memorandum of Law filed by Defendant Scottsdale Insurance Company on November 14, 2005. (Doc. No. 15).

**Background**

The instant case concerns a dispute regarding a property insurance claim submitted by Plaintiff to Defendant for alleged losses suffered by the Plaintiff as a result of Hurricane Charley in 2004. Plaintiff is a citizen of Florida, and the Defendant is a company organized and existing under the laws of Arizona with its principal place of business in Arizona. (*See* Doc. No. 1-1, filed on September 28, 2005). The suit was originally filed in the Circuit Court of the 9th Judicial Circuit in and for Osceola County, Florida, on May 11, 2005. (*See id.*, p.2). In the initial Complaint, Plaintiff claimed that the amount in controversy was in

excess of $15,000, but the Complaint did not indicate whether Plaintiff was seeking damages in excess of $75,000, the requisite amount to obtain federal diversity jurisdiction. (*See* Doc. No. 2-1, filed on September 28, 2005).

It is undisputed that the case proceeded in state court, discovery began, and Plaintiff served Defendant with his answers to Defendant's interrogatories on August 29, 2005. (Doc. No. 14, p.8; Doc. No. 15, p. 2). Defendant also does not dispute that it participated in a hearing at the state court level on September 21, 2005, in which it requested leave to propound interrogatories in excess of thirty (30). (Doc. No. 14, p.7; Doc. No. 14, Ex.6 & 7; Doc. No. 15, pp. 9-10). The hearing was set by the state court judge in response to a motion filed by Defendant on August 10, 2005 for leave to propound extra interrogatories. (Doc. No. 14, Ex. 6). It is undisputed that this hearing took place twenty-three (23) days after Defendant received Plaintiff's interrogatory answers and that the trial court judge denied Defendant's motion. (Doc. No. 14, Ex. 8; Doc. No. 15, p. 12).[1]

Defendant removed this case to federal court on September 28, 2005. (Doc. 1-1). Pursuant to 28 U.S.C. § 1446(b), the date removal was effected was within thirty (30) days of Defendant's receipt of the interrogatory answers, but longer than thirty (30) days after the Complaint had been filed. Thus, removal would only be timely if Plaintiff's answers to

---

[1] Plaintiff notes in his Motion for Remand that Defendant neglected to file an order with the state court judge reflecting the fact that the state court denied Defendant's Motion to Propound Interrogatories in Excess of Thirty (30), and hence did not comply with Local Rule 4.02(b), which requires the party effecting removal to file with the Court a copy of all documents on file in the state court. *See* Local Rule 4.02(b). However, as Defendant has stipulated to the fact that the Motion was denied on September 21, 2005 and apologized for this oversight, (Doc. No. 15, p. 12), Plaintiff has not been prejudiced by this failure. Defendant is instructed to comply with all of the Local Rules of the Middle District of Florida in the future.

Defendant's interrogatories were the first "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

Defendant claims that Plaintiff's answers to its interrogatories constituted the first correspondence from Plaintiff to Defendant that put Defendant on notice that the amount in controversy in the instant case exceeded $75,000. (Doc. 1-1, pp. 2-3; Doc. 15, p. 2). Plaintiff does not dispute that his answers to Defendant's interrogatories indicated that he sought more in damages than the jurisdictional amount but does dispute that this was the first instance that put Defendant on notice that the jurisdictional amount was in controversy. (Doc. 14, pp. 2-5). In his Motion for Remand, Plaintiff argues that the Court should remand the instant case to state court because Defendant had sufficient evidence to establish that the amount in controversy exceeded $75,000 prior to the action being filed and failed to remove the case within thirty (30) days of service of the complaint, or, alternatively because Defendant has waived any right to remove by actively participating in the state court after receiving interrogatory answers on August 29, 2005. (Doc. No. 14, p. 2). In its Response, Defendant claims that Plaintiff has argued an incorrect legal standard to the Court, that its notice of removal was timely, and that its conduct at the state court level cannot legally be considered a waiver of the right to remove. (*See* Doc. No. 15).

This Order addresses Plaintiff's Motion for Remand and Supporting Memorandum of Law, (Doc. No. 14), and Defendant's Response to the Plaintiff's Motion for Remand and Supporting Memorandum of Law. (Doc. No. 15).

**Standard of Review**

The federal statute providing the procedures for removal states, in pertinent part:

The notice of removal of a civil action or proceeding *shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
If the case stated by the initial pleading is not removable, *a notice of removal may be filed within thirty days after receipt by the defendant*, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper from which it may first be ascertained that the case is one which is or has become removable*, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added).  "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.2001).  "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."  *Id*.  If, however, it is not apparent from the face of the complaint that the jurisdictional amount is met, the Court looks to the notice of removal and "may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal." *Id*.

The Eleventh Circuit has emphasized that "the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Sierminski v. Transouth Fin. Corp*., 216

F.3d 945, 949 (11th Cir.2000) (quotations and citation omitted).  Additionally, removal statutes are construed narrowly and all uncertainties are resolved in favor of remand to the state court.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

**Analysis**

**A.  Amount in Controversy**

First, the Court finds that the Defendant has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Williams*, 269 F.3d at 1319.  The initial Complaint only indicated that the amount in controversy was over $15,000.  (Doc. 2-1).  However, the Plaintiff stated in an answer to an interrogatory asking Plaintiff to identify the total amount of damages being claimed that in addition to personal property losses in the tens of thousands of dollars, the repair costs to the dwelling at issue were estimated at between $71,000 and $75,750.  (Doc. No. 1-3 at pp. 3-33) (containing an itemized list of damages totaling over $75,000).  Plaintiff's Motion for Remand does not dispute that the amount in controversy is over the jurisdictional amount.  (*See generally* Doc. No. 14) (claiming remand is required only because removal notice was untimely and Defendant has waived its right to remove).  For these reasons, the Court finds the amount in controversy exceeds the requisite amount for federal diversity jurisdiction.

**B.  Timeliness of Removal**

Plaintiff's argument that the case should be remanded because the Defendant had sufficient pre-suit evidence to establish that the amount in controversy exceeded $75,000 is not well taken.  By the plain language of the statute, the test for whether an action must be removed within thirty (30) days of the receipt of the initial pleading is whether the initial

pleading indicates that the case is removable. *See* 28 U.S.C. § 1446(b). The statute explicitly states that "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

The Plaintiff cites no authority which indicates that if the Complaint is ambiguous but the Defendant has enough pre-suit evidence to establish that the amount in controversy exceeds $75,000, the Defendant is required to remove the case within thirty (30) days of the initial pleading. In fact, just the opposite is true. Case law is clear that "the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount." *In re Willis,* 228 F.3d 896, 897 (8th Cir. 2000); *see also Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *Field v. Nat'l Life Ins. Co.*, No. 8:00-cv-989-T-24TBM, 2001 WL 77101, at *8 (M.D. Fla. Jan. 22, 2001); *Essenson v. Coale*, 848 F.Supp. 987, 989 (M.D. Fla. 1994).

Defendant was clearly permitted under the case law of the Eleventh Circuit Court of Appeals to file an answer in state court, serve requests for interrogatories, and then, after receiving Plaintiff's responses, determine whether the case was removable. Such actions do not waive a defendant's right to remove by litigating in state court. *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (quoting *Somoano v. Ryder Sys., Inc.*, 985 F.Supp. 1476, 1478 (S.D. Fla. 1998)) ("[T]he Federal Rules of Civil Procedure contemplate the filing of a responsive pleading prior to the removal of a

case."); *see also Field*, 2001 WL 77101, at *8; *Brown v. Cunningham Lindsey U.S., Inc.*, No. 3:05-cv-141J32HTS, 2005 WL 1126670 at *3, FN 1 (M.D. Fla. May 11, 2005). Under § 1446(b), the actual knowledge of the defendant does not govern; a "paper" indicating that the case is removable is what is necessary. *Field*, 2001 WL 77101 at *9. "The time period to remove an action cannot depend on defendant's actual knowledge, because the statute expressly allows a defendant to rely on *papers* presented to it." *Id.* (quoting *Jong v. General Motors Corp.*, 359 F.Supp. 223 (N.D. Cal. 1973). The purpose of allowing a defendant to rely solely on papers presented to it decreases the instances of premature removal and lessens the chance that the defendant will have to speculate as to facts forming the basis for removal. *Id.* (citing *Jong*, 359 F.Supp. at 223).

Likewise, the papers the Defendant had within its possession at the time the initial pleading was filed – documents reflecting the Defendant's own investigation of the prospective damages in the instant case – cannot be deemed "other papers" which triggered the thirty day rule before Defendant received answers to its interrogatories. Plaintiff argues that prior to the Complaint being filed, Defendant had within its possession documents[2] reflecting its own investigation of the merits of Plaintiff's insurance claim which should have

---

[2] The Documents alleged to be in Defendant's possession were two reports from two respective claims investigation services retained by Defendant, an estimate sent from previous Plaintiff's counsel to Defendant before the suit was filed indicating the estimate of damages would be $71,000.00, and a transcript of an examination under oath of the Plaintiff before the suit was filed in relation to the claims investigation. (Doc. No. 14, p. 2-4). Plaintiff argues that simply adding up the personal property loss estimates with the dwelling estimate would have put Defendant on notice that the jurisdictional amount was in controversy. (*Id.* at p. 4). Defendant argues that this calculation by Plaintiff would double-count certain property losses claimed by Plaintiff. (Doc. No. 15, p. 6-7). However, as explained *infra*, because a pre-suit inquiry by a defendant cannot trigger the § 1446(b) time limit, the Court need not inquire into this factual dispute between the parties.

triggered the thirty (30) day rule of § 1446(b) at the time the initial pleading was filed. (Doc. No. 14, p. 6). Even if true, this argument is not well taken.

As explained *supra*, the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when *the complaint* demonstrates the plaintiff is seeking damages in excess of the jurisdictional amount. *Willis,* 228 F.3d at 897 (emphasis added). Thus, the standard is what the complaint states, not what other papers in the defendant's possession may disclose before the initial pleading is filed. Although neither the United States Supreme Court nor the Eleventh Circuit have issued an exhaustive opinion detailing exactly what is or is not an "other paper" under § 1446(b), it is clear that an "other paper" which puts the defendant on notice that the jurisdictional amount is in controversy must at least be correspondence sent from a member of the opposing party to the defendant. *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 762 (" '[O]ther paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction."). Case law is clear that an "other paper" in the context of § 1446(b) cannot be a paper sent from one member of the defense team to another, or be something within the defendant's own knowledge or possession before the complaint has been filed.[3] "Even though defendant may have been able to calculate with some uncertainty the accrued damages to conclude that the jurisdictional

---

[3] *See e.g*. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163-64 (5th Cir. 1992) ("other paper" can only be received by defendant after initial pleading); *Rico-Chinn v. Prudential Ins. Co. of America*, No. C-05-01975MMC, 2005 WL 1632289 at *3 (N.D. Cal. July 12, 2005) (defendant cannot receive its own records under the meaning of § 1446(b)); *Nicholas v. Macneille*, 492 F.Supp. 1046 (D. S.C. 1980) ("other paper" cannot be receipt of defendant's own affidavit by defendant's attorneys).

minimum had been exceeded, the case was not 'first' removable until defendant had *written* notice that plaintiff sought damages in excess of [$75,000]." *Field*, 2001 WL 77101 at *9 (quoting *Rodgers v. Northwestern Mut. Life Ins. Co.*, 952 F.Supp. 325, 329 (W.D. Vir. 1997) (emphasis in original)).

Plaintiff does not dispute that the Notice of Removal was filed within thirty (30) days of the Defendant's receipt of answers to its interrogatories. Interrogatory answers constitute "other papers" under § 1446(b). *See e.g.*, *Addo v. Globe Life and Accident Ins.* Co., 230 F.3d 759, 761-72 (5th Cir. 2000); *Fleming v. Colonial Stores*, 279 F.Supp. 933, 934 (N.D. Fla. 1968). Thus, For the foregoing reasons, the Court concludes that the notice of removal filed by Defendant on September 28, 2005 was timely.

### C. Waiver of Right to Remove

Lastly, the Court finds that Defendant has not waived its right to remove in the case at bar. It is undisputed that Defendant appeared at a hearing in state court twenty-three (23) days after it received Plaintiff's interrogatory answers indicating the jurisdictional amount was in controversy and seven (7) days before it filed the removal notice in the instant case. (Doc. No. 14, p.7; Doc. No. 14, Ex.6 & 7; Doc. No. 15, pp. 9-10). Such hearing was in response to a Motion to propound additional interrogatories filed by Defendant on August 10, 2005. (Doc. 14, Ex. 6). The hearing had been set by the state court judge eleven (11) days before Defendant received Plaintiff's answers to its interrogatories. (See Doc. No. 14, Ex. 7) (Notice of Hearing, dated August 18, 2005). Plaintiff contends that by electing to participate in this hearing and asking the state court to allow it to propound extra interrogatories, Defendant waived its right to seek removal to federal court.

Litigating a case on the merits at the state court level effectively waives the defendant's right to remove a state court action to federal court. *Yusefzadeh*, 365 F.3d at 1246. In order to waive the right to removal in this manner, however, a defendant must proceed in state court despite having notice of its right to remove the case. *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998). A party may waive the right to remove to federal court where, after it is clear that a case is removable, the defendant takes action in state court that manifests its intent to have the matter adjudicated there and to abandon its right to proceed in federal court. *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). A defendant is only deemed to have waived its right to remove if, after the right to remove is apparent, it takes "clear and unequivocal actions" in state court that manifest its intent to have the matter adjudicated there. *Engle v. R.J. Reynolds Tobacco Co.*, 122 F.Supp.2d 1355, 1360 (S.D. Fla. 2000). Because competing deadlines at the state court level may put a defendant in a quandary, a defendant's actions in state court must be deemed "substantial offensive or defensive actions" in order to waive the right to remove. *See Yusefzadeh*, 365 F.3d at 1246-47.

It cannot be said that Defendant's appearance at a hearing on its motion to propound interrogatories in excess of thirty (30), where such motion was filed nearly three (3) weeks prior to receiving the "other paper" which triggered the time limit for removal in § 1446(b), evidences a "clear and unequivocal" intent, or amounts to a "substantial offensive or defensive action" which would waive its right to removal. *See id*. Nor can participation in an innocuous discovery hearing be deemed an attempt to litigate this case on its merits at the state court level. *Id*.

In the case of *Estevez-Gonzalez v. Kraft, Inc.*, the defendant filed a motion for extension of time, served the plaintiff with interrogatories, and filed an answer to the plaintiff's complaint in state court. 606 F.Supp. 127, 128 (S.D. Fla. 1985). In holding that such actions do not constitute substantial defensive action, the Court stated that "A motion for extension of time and the taking of discovery clearly do not evidence an unequivocal intent to waive removal and as such have been held not to result in the waiver of the right to remove." *Id*. Even the filing of a motion to dismiss does not in and of itself constitute a waiver of a defendant's right to proceed in a federal forum, if it is followed by timely removal and does not demonstrate a clear intent to abandon the right to remove. *See Hill v. State Farm Mut. Automobile Ins. Co.*, 72 F.Supp.2d 1353, 1354 (M.D. Fla. 1999).

"The critical factor in determining whether a particular defensive action in the state court should operate as a waiver of the right to remove is the defendant's intent in making the motion. If the motion is made only to preserve the *status quo ante* and not to dispose of the matter on its merits, it is clear that no waiver has occurred." *Bolivar Sand Co., Inc. v. Allied Equipment, Inc.*, 631 F.Supp. 171, 173 (W.D. Tenn. 1986). In the case at bar, there is no indication that attending a discovery hearing in state court, ordered by the trial judge before Defendant was on notice that its case was removable, sufficiently demonstrates that Defendant attempted to litigate its case on the merits in state court, or that Defendant manifested a clear and unequivocal intent to waive its right to removal. *See Yusefzadeh*, 365 F.3d at 1246.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Remand and Supporting Memorandum of Law (Doc. No. 14) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 18th day of November, 2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record